UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>$750,000 Funds Seized from Rosemont I, and Rosemont I Corporation, *et al.*,<br><br>    Defendants. | Case No. 3:09-CV-01549-ADC |

**MEGAVAL ENTERPRISES, LTD.'S REQUEST FOR ENTRY OF ORDER GRANTING ITS UNOPPOSED MOTION TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT  OR, ALTERNATIVELY, GRANTING ITS UNOPPOSED 2009 MOTION TO DISMISS THE UNITED STATES' VERIFIED COMPLAINT**

Claimant Megaval Enterprises, Ltd. ("Megaval") respectfully requests that the Court enter an Order granting the relief requested by in Megaval's Motion to Compel Compliance with Settlement Agreement [D.E. # 221] (the "Motion to Compel") based on the Government's failure to object or otherwise respond to the Motion to Compel within the time period allowed by the Local Rules for the District of Puerto Rico.  The Government's refusal to even address Megaval's Motion to Compel, **which was filed over two months ago** (on September 28, 2010), evidences the Government's disregard for the due process rights of Megaval and its principals, and for the Rules of this Court.

Under Local Rule 7(b) the Government has waived its right to oppose or object to Megaval's Motion to Compel, and  Megaval is therefore entitled to the immediate relief it seeks as a matter of law.   To be sure, the First Circuit has made it very clear that to deviate from a local rule, district courts "(1) must have a sound reason for doing so, and (2) must ensure that no party's substantial rights are unfairly jeopardized."  *Puerto Rican Am. Ins. Co. v. Rivera-*

*Vazquez*, 603 F.3d 125, 132 (1st Cir. 2010). In this case, the Government has no justified reason, much less good reason, for its failure to respond to the Motion to Compel, or at a very minimum, timely move for an extension to do so, and there is no question that the Government's actions fly in the face of the United States Constitution, to Megaval's significant detriment.

Alternatively, Megaval requests that the Court grant, with prejudice, the motion to dismiss the Government's Verified Complaint [D.E. # 64] (the "Motion to Dismiss") that Megaval filed on October 9, 2009, which was denied only because ***the Government represented to the Court that it had reached a settlement with Megaval*** [D.E. # 177].

## FACTUAL OVERVIEW

With respect to Megaval, the "big picture" in this forfeiture proceeding is the Government's continued unwillingness to return the over $3.4 million it wrongfully seized from Megaval's account (#200000472) with Caracas International Banking Corp. ("CIBC") in March of 2009 <u>and</u> its refusal to justify, explain or even address its actions. From the outset of this litigation, rather than confront the challenges posed by Megaval to the propriety of the seizure and the lack of factual support and other deficiencies in the Complaint, the Government has spent <u>almost two years</u> doing everything in its power to evade these issues. As a result of the Government's unjustified refusal to return these funds for over twenty months, Megaval's business has been crippled.

Below is a brief timeline of Megaval's repeated attempts to move this matter forward and obtain a return of the approximately $3.4 million that were wrongfully seized from its CIBC account, and the tactics used by the Government's to repeatedly thwart Megaval's efforts.

> Megaval filed its Motion to Dismiss on October 9, 2009, challenging the sufficiency of the allegations in the Government's Complaint. Less than a week later, the Government filed its first motion to stay this proceeding [D.E. # 72]. The Government's failed to respond to the Motion to Dismiss in accordance with

2

District of Puerto Rico Local Rule 7(b), which led Megaval to file a motion [D.E. # 105] asking the Court to grant its Motion to Dismiss.

On November 24, 2009, the Court entered an Order [D.E. # 121] staying the case until January 15, 2010 and an Order [D.E. # 122] *directing* the Government to address the Motion to Dismiss once the stay was lifted.  On January 14, 2010, one day before the stay was to expire, the Government moved for an extension of the stay [D.E. # 131], which the Court granted until April 26, 2010. [D.E. # 147].

Apparently mindful of: 1) its Court-ordered requirement to submit a written response to Megaval's Motion to Dismiss upon expiration of the stay; and 2) the prospect of having to address these issues in person before the Court,[1] the Government filed a motion requesting an extension of time until May 14, 2010 "to reach a settlement agreement [with Megaval] or file a reply to [Megaval's] motion to dismiss." [D.E. # 169].  The Court granted the requested extension and cautioned, "[t]he parties are strongly urged to settle this case." [D.E. # 172].

During a settlement conference on May 12, 2010, Megaval and the Government agreed upon settlement terms to resolve this matter in its entirety.  In this meeting, the Government was represented by Assistant U.S. Attorney Miguel Fernandez, Chief of the Civil Division and Asset Forfeiture Unit of the U.S. Attorney's Office in the District of Puerto Rico  Also present on behalf of the Government was Victor Rodriguez, who assisted Mr. Fernandez on this case.

The following day, *May 13, 2010,* the undersigned provided Messrs. Fernandez and Rodriguez with an e-mail that outlined the terms agreed upon by Megaval, which forms the basis for Megaval's Motion to Compel.  *See* Exhibit A, attached.  Neither Mr. Fernandez or Mr. Rodriguez objected to or disputed the terms contained in the e-mail.  On the contrary, ***the very next day, May 14, 2010, which was also the deadline for the Government to submit its written response to Megaval's Motion to Dismiss, Mr. Fernandez filed a Notice to the Court [D.E. # 173], wherein he expressly acknowledged that the Government and Megaval had negotiated and agreed upon the terms contained in the e-mail***.

***Relying on the Government's representations,*** the Court then entered an Order [D.E. # 177] "finding as moot [Megaval's Motion to Dismiss], ***in light of the announced settlement [in the Notice to the Court]."*** (emphasis added).  In other words, by representing to the Court that it had reached a settlement agreement with Megaval, the Government was able to accomplish its true objective, which was to be relieved of having to respond to Megaval's Motion to Dismiss.

---

[1] As part of its effort to stimulate the Government to address the pleading deficiencies in its Complaint, Megaval submitted a request for oral hearing on its Motion to Dismiss [D.E. # 166], to which the Government submitted no opposition.  On April 30, 2010, the Court entered an Order [D.E. # 171] stating that it "will set a hearing for oral argument if it determines that the same would be beneficial in deciding the pending motion to dismiss."

3

After the Government temporarily escaped its obligation to respond to the Motion to Dismiss, the undersigned's attempts to finalize the resolution of this case and obtain the return of Megaval's money through Mr. Fernandez were unsuccessful. Despite multiple warnings that the Government's unwillingness to return Megaval's funds in accordance with the agreed upon settlement terms would be brought to the Court's attention, the Government continued to drag its feet. *See* Exhibits B and C, attached. As outlined below, even after Megaval filed its Motion to Compel and advised the Court of the Government's refusal to comply with the settlement agreement, the Government continued to employ dilatory tactics to avoid returning Megaval's funds in accordance with the settlement agreement.

> Just days after the filing of Megaval's Motion to Compel, the undersigned was advised of Mr. Fernandez's retirement and that Assistant U.S. Attorney Teresa Zapata-Valladares was taking over this case on behalf of the Government. The Government began to insist on new settlement terms that were materially different from those agreed upon during the settlement conference in which Messrs. Fernandez and Rodriguez were present, and were ***never*** discussed with, much less agreed upon, by Megaval.
>
> In good faith, the undersigned persistently pursued Ms. Zapata[2] and explained that the Government, through the Notice to the Court filed by Mr. Fernandez on May 14, 2010, acknowledged and accepted the settlement terms set forth in the May 13, 2010 e-mail, which was received by Messrs. Fernandez and Rodriguez without objection before Mr. Fernandez filed the Notice to the Court.
>
> On November 3, 2010, Ms. Zapata indicated that the Government was "working to piece together e-mails and communications regarding the terms of the settlement" and within two days would provide a response as to the Government's position. *See* Exhibit E, attached.
>
> On November 10, 2010, having heard nothing from the Government for an entire week, the undersigned sent a follow up e-mail to Ms. Zapata. *See* Exhibit F, attached. Ms. Zapata responded that the Government still had no answer, but

---

[2] The attached e-mail chain detailing the undersigned's efforts to track down Ms. Zapata to discuss the settlement agreement exemplifies the Government's lack of interest in this case, which even required the undersigned to resort to threatening to bring the Government's unresponsiveness to the Court's attention. *See* Composite Exhibit D.

4

offered to have her current supervisor, Assistant U.S. Attorney Myriam Fernandez, address the matter. *See* Exhibit F.

In response, the undersigned requested either a telephone call from Ms. Fernandez, or a number where she could be reached. *See* Exhibit G, attached.

An entire month has now gone by and the undersigned has still not heard from either Ms. Zapata or Ms. Fernandez.

Needless to say, the Government had numerous opportunities to justify and defend its unlawful seizure, the woefully deficient Complaint, and its about-face with respect to the settlement agreement, but instead engaged in a pervasive pattern of disregard for the Rules of this Court and unjustifiable delay, all aimed at delaying the return of Megaval's wrongfully seized funds. Rather than allow the Government to continue trampling on the due process rights of Megaval and its principals, the Court should grant Megaval the relief sought in its Motion to Compel, or, at a minimum, grant the unopposed Motion to Dismiss filed back in 2009.[3]

## ARGUMENT

**I.    The Government's Failure to Respond to the Motion to Compel in Accordance with District of Puerto Rico Local Rule 7(b) Constitutes Grounds for Awarding Megaval the Relief it Seeks.**

Local rules that impose time parameters to object to motions are designed "to 'ensure the orderly, efficient, and expeditious management of the extensive motion practice of the district courts.'" *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 5-6 (1st Cir. 2002). Under the governing precedent in this Circuit, "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by

---

[3] Megaval does not waive the rights that it has under Puerto Rico law to enforce the settlement agreement against the Government, and recover the damages suffered by Megaval as a result of the Government's breach.

local rule,[4] at least when the result does not clearly offend equity." *NEPSK*, 283 F.3d at 7; *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 19 (1st Cir. 2006); *see also Pinto v. Universidad de Puerto Rico*, 895 F. 2d 18, 19 (1st Cir. 1990).

In *NEPSK*, the district court, on the day immediately following the expiration of the time period for the plaintiff to respond to the defendant's motion to dismiss under the local rules, entered an order in which it deemed the plaintiff to have consented to the motion to dismiss, and on this basis, entered judgment in favor of the defendant. *See* 283 F.3d at 4. The First Circuit affirmed the district court's order, noting that "district courts enjoy broad latitude in adopting and administering such local rules, [and] [i]n exercising this discretion, district courts may, where appropriate, 'demand adherence to specific mandates contained in the rules.'" *Id.* at 6. The district court was thus empowered to strictly enforce its local rules and enter judgment in favor of the defendant based solely on the plaintiff's failure to respond to the motion to dismiss within the allotted time period. *Id.* at 9.

The plaintiff in *ITI Holdings*, rather than object to the defendants' motion to dismiss, moved to transfer the case to another district. *See* 468 F.3d at 18. Since the motion to transfer was not a response to the motion to dismiss as required by the local rules, and no such response was filed during the time period prescribed by the local rules, the district court treated the motion to dismiss as unopposed and entered judgment in favor of the defendants. *Id.* On appeal, the First Circuit rejected the plaintiff's argument that its motion to transfer served as a "response" to the motion to dismiss, noting that "[it] does not comply with Local Rule 7(b), which requires the filing of written objection to the motion incorporating a memorandum of law." *Id.* at 19.

---

[4] As noted before, to deviate from a local rule, a district court "(1) must have a sound reason for doing so, and (2) must ensure that no party's substantial rights are unfairly jeopardized." *Rivera-Vazquez*, 603 F.3d at 132.

6

Along these same lines, *Pinto* also involved a district court order granting a motion to dismiss to which no opposition was filed. *See* 895 F.2d at 18. Affirming the district court's order, the First Circuit explained the significance of the plaintiff's failure to timely file a response to the motion to dismiss:

> the court, before deciding, was not obliged to wait indefinitely for plaintiff to respond to the motion, by memorandum or otherwise, and, in its discretion, it was warranted in concluding that the plaintiff intended to file nothing. The court has no obligation to play nursemaid to indifferent parties. Moreover, the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her.

895 F.2d at 19.

With the exception of the amount of days within which a party must respond to a motion, the language of the local rules in question in *ITI Holdings* and *NEPSK* is virtually identical to District of Puerto Rico Local Rule 7.1(b), which reads, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, ***the opposing party shall be deemed to have waived objection***." (emphasis added); *see also ITI Holdings*, 468 F.3d at 18; *NEPSK*, 283 F.3d at 5. Megaval filed its Motion to Compel on September 28, 2010, which gave the Government until October 17, 2010, at the very latest, to submit a written objection. The Government, however, submitted no response to Megaval's Motion to Compel, nor has it returned Megaval's funds in accordance with the Settlement Agreement that it represented to the Court had been entered into. Accordingly, Megaval is entitled to the relief requested in its Motion to Compel. *NEPSK*, 283 F.3d at 9; *ITI Holdings*, 468 F.3d at 19; *Pinto*, 895 F.2d at 19.

## II. Absent an Order Granting Megaval's Motion to Compel and Awarding the Relief Sought Therein, Megaval's Motion to Dismiss Should be Granted.

The stark reality is that through the aforementioned delay tactics and outright refusals to comply with the Rules of this Court, the Government has managed to deprive Megaval of its rightfully owned funds **for close to two years** on the basis of **an unconstitutional seizure warrant** and a fatally deficient Complaint that it has refused to address at all costs.  Indeed, on the eve of the deadline to comply with the Court's directive that it finally address the pleading deficiencies raised in Megaval's Motion to Dismiss, the Government represented to the Court that it had reached a settlement with Megaval, which resulted in the Court finding Megaval's Motion to Dismiss to be moot.  Of course, after being liberated from having to respond to the Motion to Dismiss, the Government refused to honor the settlement agreement that it entered into with Megaval, leaving Megaval with no choice but to file the Motion to Compel that is at issue here.

While there is no doubt that Megaval has been severely prejudiced by being denied access to the funds wrongfully seized from its CIBC account, it would be a far more egregious and unjustified violation of the due process rights of Megaval and its principals to allow the Government to continue to withhold Megaval's funds without having to explain its after-the-fact refusal to honor the Settlement Agreement, or even the shortcomings on the face of its Complaint. *United States v. Paris Lopez*, 111 F. Supp. 2d 100, 102-03 (D. P.R. 2000) (ordering release of bank accounts of claimants who were prejudiced as a result of being deprived of their money and the deprivation was to continue for the foreseeable future).  Thus, Megaval proposes that as an alternative to granting the relief requested in the Motion to Compel, the Court grant Megaval's Motion to Dismiss, with prejudice.

*MIA 181,599,916v1 12-9-10*

**CONCLUSION**

For the reasons set forth herein and in Megaval's Motion to Compel, Megaval respectfully requests that the Court enter an Order granting its Motion to Compel and awarding the relief sought therein, or alternatively, granting Megaval's Motion to Dismiss, with prejudice.

I HEREBY CERTIFY that on December 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Teresa Zapata Valladares, Assistant United States Attorney.

    Respectfully submitted,

    **GREENBERG TRAURIG, P.A.**
    *Counsel for Megaval Enterprises, Ltd.*
    401 East Las Olas Boulevard
    Fort Lauderdale, Florida 33301
    Telephone: (954) 765-0500
    Facsimile: (305) 579-0717

    /S/JESUS E. CUZA
    JESUS E. CUZA
    U.S.D.C.-P.R. Bar No. 206509
    cuzaj@gtlaw.com

OF COUNSEL:

    MARK P. SCHNAPP
    (*pro hac vice* admission to be sought)
    Florida Bar No. 501689
    schnappm@gtlaw.com
    FRANCISCO O. SANCHEZ
    (*pro hac vice* admission to be sought)
    Florida Bar No. 0598445
    sanchezfo@gtlaw.com
    GREENBERG TRAURIG, P.A.
    1221 Brickell Avenue
    Miami, FL 33131
    Telephone: (305) 579-0500