GreenbergTraurig

Jesus E. Cuza
Tel (954) 768-8241
Fax (954) 765-1477
cuzaj@gtlaw.com

August 30, 2010

**VIA FACSIMILE, ELECTRONIC
AND FIRST-CLASS MAIL**

Miguel A. Fernandez, Esq.
Assistant United States Attorney
Chief of Civil Division and
Asset Forfeiture Unit
U.S.D.C.-PR 125106
Torre Chardon Building, Suite 1201
350 Carlos E. Chardon Street
Hato Rey, Puerto Rico 00912

> Re:    *United States v. $750,000 Seized from Rosemont I and Rosemont I
> Corporation, et al.*; Case No. 09-01549 (ADC)

Greetings Miguel:

I write once again on behalf of Megaval Enterprises, Ltd. ("Megaval"), in connection with the above-referenced forfeiture proceeding. Over three months have now passed since we met in San Juan and reached a Settlement Agreement to resolve this case with respect to Megaval. During this time, I have left you multiple voicemail messages that have not been returned, and I sent you a letter on August 11, 2010, to which I received no response. While I do understand that you have a busy and hectic schedule, I am sure you also understand how unfair this process has become for my client.

In any event, the terms of our Settlement Agreement, as you know, provided that the Government would return to Megaval the highest percentage of the amount seized that the Government agreed to give back to any other claimant. In addition to the three claimants identified in my August 11 letter -- Capital Partners Inc., IVP Overseas and Gonzalo Tirado and Asociados C.A. -- the Government agreed to return 100% of the funds it seized from Multitrade Financial Corp.

Based on the foregoing, I renew my request that the Government comply with the terms of the Settlement Agreement. Specifically, I ask that the Government dismiss its Complaint, in its entirety, with respect to Megaval's funds by the close of business on Wednesday September 1, 2010, and return the $3,482,354.12 seized from Megaval immediately thereafter. Otherwise, we will file the attached motion to compel the Government to comply with the Settlement Agreement, and seek an award of attorney's fees and expenses, as provided for by the Equal Access to Justice Act. Hopefully, this can be avoided.


EXHIBIT
C

Miguel A. Fernandez, Esq.
August 30, 2010
Page 2

If you have any questions or wish to discuss this matter further, please do not hesitate to contact me. Thank you.

Very truly yours,

Jesus E. Cuza

cc:     Mr. Victor Rodriguez
        Francisco O. Sanchez, Esq.

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>$750,000.00 FUNDS SEIZED FROM ROSEMONT I, AND ROSEMONT I CORPORATION et al.,<br><br>D) **$7,579.96 Funds Seized From Megaval Enterprises, Ltd. d/b/a Rosemont G Corporation,**<br><br>G) **$3,299,340.32 Funds Seized From Megaval Enterprises, Ltd. d/b/a Rosemont G Corporation**<br><br>P) **$95,542.50 Funds Seized From Megaval Enterprises, Ltd. d/b/a Rosemont G Corporation,**<br><br>S) **$59,137.00 Funds Seized From Megaval Enterprises, Ltd. d/b/a Rosemont G Corporation,**<br><br>Y) **$5,985.00 Funds Seized From Megaval Enterprises, Ltd., and**<br><br>CC) **$14,769.23 Funds Seized From Megaval Enterprises, Ltd.,**<br><br>    **Defendants.** | **CIVIL NO.** 09-1549 (ADC-BJM) |

## MEGAVAL ENTERPRISES, LTD.'S MOTION TO COMPEL
## COMPLIANCE WITH SETTLEMENT AGREEMENT

Megaval Enterprises, Ltd. ("Megaval), by and through its undersigned counsel, respectfully requests that the Court enter an Order: 1) directing the United States Government (the "Government") to immediately comply with the terms of the Settlement Agreement it reached with Megaval on May 12, 2010; and 2) awarding Megaval the attorney's fees it has incurred in this matter, as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). In support of this motion, Megaval states as follows:

1

1.      On or around March 25, 2009, the United States Drug Enforcement Administration seized over $3.4 million from Megaval's account with Caracas International Banking Corp. ("CIBC").

2.      One June 16, 2009, the Government filed its Verified Complaint for Forfeiture *In Rem* [D.E. # 2] (the "Complaint"), wherein the Government alleged that the following property of Megaval was subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6):

D)      **$7,579.96 Funds Seized From Megaval Enterprises, Ltd.** d/b/a Rosemont G Corporation,

G)      **$3,299,340.32 Funds Seized From Megaval Enterprises, Ltd.** d/b/a Rosemont G Corporation.

P)      **$95,542.50 Funds Seized From Megaval Enterprises, Ltd.** d/b/a Rosemont G. Corporation,

S)      **$59,137.00 Funds Seized From Megaval Enterprises, Ltd.** d/b/a Rosemont G. Corporation,

Y)      **$5,985.00 Funds Seized From Megaval Enterprises Ltd.,** and

CC)     **$14,769.23 Funds Seized From Megaval Enterprises Ltd.**

As stated in the Complaint, the total amount that the Government sought to forfeit from Megaval was $3,482,354.12.

3.      On October 9, 2009, Megaval filed its Motion to Dismiss Verified Complaint for Forfeiture *In Rem* and for Return of Seized Property and Incorporated Memorandum of Law [D.E. # 64]. The Government did not respond to Megaval's motion to dismiss, and on October 15, 2009, filed its first motion to stay these proceedings. [D.E. # 72]. The Government's motion was granted and the case was stayed until January 15, 2010. [D.E. # 121].

4.      On January 14, 2010, the Government moved, on an *ex parte* basis, to extend the stay [D.E. # 131]. The Court granted the Government's *ex parte* request and extended the stay until April 26, 2010. [D.E. # 147].

5.      On April 29, 2010, the Government filed a motion asking for "an extension of time of fourteen (14) working days to reach a settlement agreement [with Megaval] or file the reply to [Megaval's] motion to dismiss." [D.E. # 169].

6.      The following day, the Court entered an Order granting the Government's motion for extension of time and admonishing the parties that they "[a]re strongly urged to settle this case." [D.E. # 172].

7.      On May 12, 2010, the undersigned and counsel for the Government met in San Juan, Puerto Rico, and agreed to settlement terms to resolve this matter in its entirety with respect to Megaval. The following day, the undersigned provided counsel for the Government with a summary of the agreed-upon terms (the "Settlement Agreement," attached as Exhibit A). In pertinent part, the Settlement Agreement stated:

> [s]ubject to the following, I can confirm that Megaval is willing to enter into the 250K settlement proposed by the Government yesterday:
>
> 2.      Should any of the other defendants negotiate a better % with the Government (*e.g.* any of them recovers a higher % of the amounts seized by the Gov. than the % Megaval will be recovering), Megaval will then be entitled to settle for at least the "better %" negotiated by any of the other defendants.
>
> 3.      The settlement documents will contain language that protects the goodwill of Megaval and does not imply that Megaval infringed any law.

*See* Exhibit A.

8.      Acknowledging its acceptance of the terms set forth in the Settlement Agreement, on May 14, 2010, the Government filed a Notice to the Court, wherein it represented that it had "negotiated and reached " a Settlement Agreement with Megaval. [D.E. # 173].

9.      Based on the Government's representation, the Court entered an Order finding Megaval's motion to dismiss to be "moot, in light of the announced settlement [in the Government's Notice to the Court]." [D.E. #177].

10.     Subsequent to Megaval and the Government entering into the Settlement Agreement, various other defendants reached agreements to resolve this matter, including multiple instances in which the Government has returned all (*i.e.* 100%) of the seized funds.

11.     For instance, on August 2, 2010, the Government moved to voluntarily dismiss the Complaint, in its entirety, with respect to funds seized from accounts at CIBC belonging to Rosemont I Corporation d/b/a IVP Overseas [D.E. # 194] and Gonzalo Tirado and Asociados, C.A. [D.E. # 195]. Orders granting these motions were entered two days later [D.E. ## 196, 197].[1]  On August 23, 2010, Partial Judgments were entered, directing the United States Marshals to release the all (*i.e.* 100%) of the funds seized, plus interest, to the respective claimants. [D.E. ## 213, 216].

12.     On August 5, the Government filed a nearly identical motion [D.E. # 199], seeking dismissal of the Complaint as to the funds seized from Multitrade Financial Corp.'s CIBC account. This motion was granted by the Court in an Order[2] dated August 18, 2010. [D.E.

---

[1] The Government subsequently moved to amend these Orders to include interest accrued since the date of the seizure on the total amount of funds seized.  [D.E. ## 203, 206].  The Court granted these motions, and entered Orders to that effect on August 23, 2010.  [D.E. ## 208, 214].

[2] The following day, the Government filed a motion to amend this Order to include interest accrued on the total amount seized since the date of the seizure [D.E. # 207], which the Court granted on August 23, 2010.  [D.E. # 218].

# 204]. On August 23, 2010, a Partial Judgment was entered, directing the United States Marshals to return all (*i.e.* 100%) of the funds seized from Multitrade Financial Corp., with accrued interest. [D.E. # 217].

13.     In accordance with the terms of the Settlement Agreement, the Government is required to return to Megaval the highest percentage of the amount seized that the Government agrees to give back to any other claimant. *See* Exhibit A.   There is no question that the Government has agreed to return 100% of the funds seized from <u>at least</u> the three claimants mentioned above.   To accomplish this, the Government filed separate motions to dismiss its Complaint, in its entirety, against these funds. Thus, like the aforementioned claimants, Megaval is entitled to dismissal of the Complaint and the return of 100% of the funds seized from its CIBC account by the Government, with interest from the date of the seizure.

14.     On August 11, 2010, Megaval's attorneys sent a letter to the Government (attached as Exhibit B), detailing the events and circumstances described above and explaining that given the Government's agreement to return 100% of the funds it seized from other claimants, Megaval too was entitled to a return of 100% of its funds, as provided in the Settlement Agreement. The Government, however, failed to respond and Megaval's funds have yet to be returned.

15.     Megaval, therefore, asks that the Court enforce the Settlement Agreement, which the Government openly acknowledged having entered into when it filed its Notice to the Court [D.E. # 173] over three months ago. *Fidelity and Guar. Ins. Co. v. Star Equipment Corp.*, 541 F. 3d 1, (1st Cir. 2008) ("[w]here, as here, the settlement collapses before the original suit is dismissed, the party seeking to enforce the agreement may file a motion with the trial court."); *Palmas del Sol, S.E. v. U.S. Fidelity and Guar. Co.*, 338 F. Supp. 2d 303, 305 (D. P.R. 2004)

("trial courts retain an inherent power to supervise and enforce settlement agreements entered into by the parties before it.").

16.     Moreover, Megaval qualifies as a "prevailing party" under the Equal Access to Justice Act because by virtue of the Settlement Agreement, it went from having its funds seized to being entitled to have 100% of its funds returned. *United States v, One Rural Lot*, 770 F. Supp. 66, 68-69 (D. P.R. 1991).  Accordingly, Megaval is entitled to recover the attorney's fees and expenses incurred in this action.  28 U.S.C. § 2412(d)(1)(A).

**WHEREFORE**, Megaval respectfully requests that the Court enter an Order: 1) directing the Government to tender the $3,482,354.12 seized from Megaval to the undersigned within five (5) days, as provided for under the terms of the Settlement Agreement; 2) awarding Megaval the attorney's fees and expenses it has incurred in this action; and 3) granting any other or additional relief the Court deems just and proper.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Megaval Enterprises, Ltd.*
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (305) 579-0717

BY:      /S/JESUS E. CUZA
         JESUS E. CUZA
         Puerto Rico Federal Bar No. 206509
         cuzaj@gtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case, including Teresa S. Zapata Valladares, Esq., Assistant United States Attorney.

/S/JESUS E. CUZA
JESUS E. CUZA
Puerto Rico Federal Bar No. 206509

## Sanchez, Frank O. (Assoc-Mia-LT)

| | |
|---|---|
| **From:** | Cuza, Jesús E. (Shld-FTL-LT) |
| **Sent:** | Thursday, May 13, 2010 12:35 PM |
| **To:** | 'miguel.fernandez@usdoj.gov'; 'victor.a.rodriguez@usdoj.gov' |
| **Cc:** | Sanchez, Frank O. (Assoc-Mia-LT) |

Dear Miguel and Victor:

Subject to the following, I can confirm that Megaval is willing to enter into the 250K settlement proposed by the Government yesterday:

1.  Megaval receives all of the monies seized (other than the 250K) within the next 21 days.  Should Megaval not be released the moneys within the time agreed upon, Megaval shall be entitled to collect from the 250K it is willing to give up 50K per each week of delay.

2.  Should any of the other defendants negotiate a better % with the Government (e.g., any one of them recovers a higher % of the amounts seized by the Gov than the % Megaval will be recovering), Megaval will then be entitled to settle for at least the "better %" negotiated by any of the other defendants.

3.  The settlement documents will contain language that protects the goodwill of Megaval and does not imply that Megaval infringed any law.

Finally, Sevilla's funds will be returned in full within the next 21 days.

There are other minor matters that I need to discuss with you prior to in fact agreeing to a settlement; however, I am certain that these will not be an obstacle to concluding the settlement.

When can you discuss this?  Afterwards, I will need an email or letter from you confirming that we are on the same page and that we have a final agreement.

It was a pleasure meeting with you  both yesterday.

Thx

Jesus
Sent from my Blackberry

